IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY EDWARD YOUNG,<br>　　Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | )<br>)<br>)　CIVIL ACTION 11-487-KD<br>)　CRIMINAL ACTION 09-116-KD-M<br>)<br>)<br>) |

## ORDER

This matter is before the Court on Petitioner Johnny Edward Young's *pro se* Motion To Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 43), Respondent's response (Doc. 45), and Petitioner's *pro se* Motion for Permission To File an Amended 28 U.S.C. § 2255 Motion (Doc. 51).  For the reasons set forth herein, the Court finds that: 1) an evidentiary hearing is not required because the record is adequate to dispose of this matter; 2) Young's Motion To Vacate, Set Aside, or Correct Sentence is due to be **DENIED**; 3) Young's motion to file an amended habeas petition is due to be **DENIED as MOOT**; 4) judgment is due to be entered in favor of the United States and against Young; and 5) Young is not entitled to a certificate of appealability.

**I.　Procedural Background**

Young was indicted on May 28, 2009 for possessing 23 grams of cocaine base[1] with intent to distribute the same in violation of 21 U.S.C. § 841(a)(1).  (Doc. 1).  The indictment advised

---

[1]　The United States Sentencing Guidelines define "cocaine base" as "crack," which is "the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy rocklike form."  U.S. Sentencing Guidelines Manual § 2D1.1(c) n.D (2011).  For the purposes of this Order, the Court uses the terms "cocaine base," "crack cocaine," and "crack" interchangeably.

Young that, because the quantity of crack involved in the charged offense exceeded five grams, he would be subject to the penalty provisions of 21 U.S.C. § 841(b)(1)(B). (Id.). On June 25, 2009, the Government filed an Enhancement Information setting forth Young's prior drug felony convictions, thereby exposing Young to the prospect of a ten-year statutory mandatory minimum term of imprisonment. (Doc. 15).

On July 14, 2009, Young and the Government entered into a plea agreement in which Young waived certain of his rights and pled guilty to the single count against him. (Doc. 21). The undersigned accepted Young's guilty plea the following day. (Doc. 22). Though the Court scheduled Young's sentencing hearing for January 8, 2010 (id.), Young sought and obtained three postponements, with the result that the Court did not impose a sentence until August 27, 2010 — more than a year later. (Docs. 27, 28, 29, 30, 32, & 33). In the interim, two events transpired that relate to Young's claims for habeas relief. First, on August 3, 2010, the President signed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 123 Stat. 2372 (2010), which, *inter alia*, increased from five grams to 28 grams the quantity of crack cocaine necessary to trigger the enhanced penalties of 21 U.S.C. § 841(b)(1)(B). Second, on August 26, 2010, the Government moved the Court, pursuant to 18 U.S.C. § 3553(e) and Section 5K1.1 of the Sentencing Guidelines, to depart downward (by three offense levels) from Young's advisory guideline range of 120-137 months and to impose instead an imprisonment term within the range of 84-105 months. (Doc. 36). For reasons set forth on the record, the Court granted the Government's motion and sentenced Young to the custody of the Bureau of Prisons for a term of 105 months to be followed by eight years of supervised release. (Docs. 37 & 38). Though Young promptly appealed his conviction and sentence (Doc. 40), the Eleventh Circuit dismissed the appeal on September 20, 2010 upon Young's motion for voluntary dismissal. (Doc. 42).

On August 15, 2011,[2] Young filed the instant Motion To Vacate, Set Aside, or Correct Sentence. (Doc. 43). In his supporting memorandum of law, Young claimed that his attorney rendered ineffective assistance by: 1) failing to argue that the Government's recommended departure of three offense levels was "considerably lower than the national median percent decrease of 49.9% for defendants whom the Government confirms rendered 'substantial assistance' in a criminal case" (id. at 16-21); and 2) failing to challenge the Government's proposed sentence on the basis that, in light of the Fair Sentencing Act, it "did not conform to 18 U.S.C. § 3553(a)'s parsimony provision, which requires all federal district courts to impose a sentence sufficient but not greater than necessary" (id. at 22-25). The Government filed its response on October 14, 2011. (Doc. 45). In its response, the Government characterized Young's claims as "patently frivolous" and "preposterous" but stated that it would not object should Young amend his motion to assert "a direct claim that he is entitled to [Fair Sentencing Act] relief." (Id. at 1 & 4-6). Citing the government's response, Young moved for leave to amend his petition accordingly on November 22, 2011. (Doc. 51).

## II. Legal Standard

In order to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish two things: "(1) 'counsel's performance was deficient,' meaning it 'fell below an objective standard of reasonableness'; and (2) 'the deficient performance prejudiced the defendant.'" Gordon v. United States, 518 F.3d 1291, 1297 (11th Cir. 2008) (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).

Deficient performance requires a showing that counsel's performance was "objectively

---

[2] Though Young's motion was received by the Court on August 17, 2011 and docketed on August 24, 2011, the Court applies the "mailbox rule" and uses the date that Young delivered his motion to prison officials for mailing. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

3

unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990); see also Gallo-Chamorro v. United States, 233 F.3d 1298, 1303 (11th Cir. 2000) (petitioner "must prove deficient performance by a preponderance of competent evidence, and the standard is reasonableness under prevailing professional norms"). In this Circuit, courts will presume that counsel's performance was reasonable and adequate, and habeas petitioners bear the "heavy – but not insurmountable – burden of persuading the court that no competent counsel would have taken the action that his counsel did take." Haliburton v. Sec'y for Dep't of Corr., 342 F.3d 1233, 1243 (11th Cir. 2003) (internal quotation marks and citation omitted). The test for reasonableness of performance "is not whether counsel could have done something more or different"; instead, courts consider whether counsel's performance "fell within the broad range of reasonable assistance at trial." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1209 (11th Cir. 2007). Failure to raise nonmeritorious issues does not constitute ineffective assistance of counsel. Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994).

With respect to the prejudice prong, "a petitioner must establish that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given adequate assistance." Von Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1323 (11th Cir. 2002). A petitioner must show that his attorney's errors "worked to his actual and substantial disadvantage." Cross, 893 F.2d at 1292 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

Because the petitioner bears the burden of satisfying both prongs of the Strickland test, the Court need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one." Strickland, 466 U.S. at 697. Courts are free to dispose of ineffectiveness

4

claims on either of Strickland's two grounds. Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998).

**III. Analysis**

*A. Claim 1: Ineffective assistance for failure to argue for downward departure equal to national median*

Young claims that his attorney provided him with ineffective assistance because she did not argue before, at, or after sentencing that the three-level departure recommended by the Government "was considerably lower tha[n] the national average of 49.9% for defendants whom the Government confirms provided 'Substantial Assistance.'" (Doc. 43 at 20). In support, Young directs the court to a five-year-old report of the Sentencing Commission that noted that, at the time of the Commission's study, the median percent decrease from the guideline minimum for substantial assistance in all cases was 49.9% and that the median percent decrease from the guideline minimum for substantial assistance in drug trafficking cases was 45.8%. (Id. at 18-19 & 33). As explained below, any argument that the Court should have considered national statistics in determining the extent of a substantial assistance departure would have lacked merit, and, therefore, Young's attorney was not deficient for having not raised it. See Bolender, 16 F.3d at 1573 (11th Cir. 1994).

Section 5K1.1(a) of the Sentencing Guidelines sets forth five non-exclusive factors that a sentencing court "must consider" in determining the extent of a substantial assistance departure. United States v. Martin, 455 F.3d 1227, 1235 (11th Cir. 2006). Those factors are: (1) "the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered"; (2) "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant"; (3) "the nature and extent of the defendant's assistance"; (4) "any injury suffered, or any danger or risk of

5

injury to the defendant or his family resulting from his assistance"; and (5) "the timeliness of the defendant's assistance." U.S. Sentencing Guidelines Manual § 5K1.1(a)(1)-(5) (2009). The sentencing court may also consider other factors, "but only if the factors relate to the assistance provided by the defendant." Martin, 455 F.3d at 1235. A resort to national statistics would be inconsistent with the Court's mandate to undertake "a substantial-assistance determination that is individualized to the defendant." United States v. McVay, 447 F.3d 1348, 1354 (11th Cir. 2006); see also § 5K1.1 cmt. background (2009) ("The nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the court on an individual basis."). Indeed, it is for that reason that, within the past year, at least one court denied a defendant's motion to increase a substantial assistance departure up to 49.9%, see United States v. Woods, No. 07-50058, 2011 WL 1420865 (W.D. Ark. Apr. 13, 2011) ("Although 49.9 percent may be the median percent decrease for § 5K1.1 departure, defendant has cited no case law or statutory authority that says he is entitled to a decrease that meets the national norm." (emphasis added)), and it is also why Young's claim fails to satisfy the first prong of Strickland.

> B. Claim 2: Ineffective assistance for failure to argue that application of 18 U.S.C. § 3553(a) factors warranted imposition of lesser sentence

Young's assertion that his attorney rendered inadequate assistance by failing to argue that the Court should have considered the Fair Sentencing Act of 2010 in crafting a sentence sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing is clearly belied by record and therefore does not merit protracted discussion. Specifically, Young's attorney submitted an eight-page memorandum that addressed the then-recently-enacted-but-not-yet-effective Fair Sentencing Act and contended that, even if the Act did not apply to Young (because his offense conduct occurred in 2009), the Court should consider, "in fashioning [a] sentence pursuant to 18 U.S.C. § 3553(a)," Congress' decision to

6

reduce the criminal penalties for certain crack cocaine offenses. (Doc. 34 at 3). According to Young's counsel, the Fair Sentencing Act provided a basis for the Court to impose a below guidelines sentence "separate from the consideration of [Young's] 'substantial assistance.'" (Id.). Young's attorney therefore did precisely what Young faults her for having not done, and, for that reason, Young's second claim fails.

Whereas Young has not met his burden of proving that his attorney's performance was deficient in any respect, his Motion To Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 43) is **DENIED**.

IV.   **Motion for Leave to Amend**

Young's Motion for Permission To File an Amended 28 U.S.C. § 2255 Motion (Doc. 51) is a product of the Government's suggestion that Young might enjoy greater success in his endeavor to obtain a sentence reduction were he to seek retroactive application of the Fair Sentencing Act instead of lodging frivolous complaints against his attorney. Specifically, counsel for the Government wrote in response to Young's habeas petition:

> Thus, Young has not presented any meritorious claims and, as the matter currently stands, he is not entitled to any relief. This Court is aware, however, that the Eleventh Circuit Court Appeals recently vacated its prior panel opinions in United States v. Rojas, 645 F.3d 1234 (11th Cir. 2011) and United States v. Hudson, 426 F. App'x 748 (11th Cir. 2011), to review them en banc. See Rojas, __ F.3d __, 2011 WL 4552364 (11th Cir. Oct. 4, 2011); Hudson, __ F.3d __, 2011 WL 4552367 (11th Cir. Oct. 4, 2011). Therefore, until such time as the issue is clarified, there no longer is any binding precedent in this circuit governing whether it was error to sentence a crack cocaine defendant on or after August 3, 2010 under the pre-FSA penalty scheme. The Department of Justice's position is that the Act is due to be applied to a defendant, such as Young, who is sentenced for a crack cocaine offense on or after the Act's August 3, 2010 effective date, regardless of when the offense conduct occurred. See attached memorandum from the Attorney General, dated July 15, 2011. It is noted that under the FSA scheme, Young's range of penalties (as enhanced) would be zero to 30 years in prison. See 21 U.S.C. § 841(b)(1)(C).
>
> In this particular case, the United States would not object to Young timely amending his § 2255 motion to assert a direct claim or ground that he is entitled to

> FSA relief. See Fed. R. Civ. P. 15(a)(2) ("in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). It is also noted that Young's docket reflects that he has not filed a 18 U.S.C. § 3582(c)(2) motion, seeking a reduction in his base offense level from 26 to 24, as per the November 1, 2010 amendments. See U.S. Sentencing Guidelines Manual, Supp. to 2010 Guidelines Manual, Amend. 748 (2010); U.S.S.G. § 2D1.1(c)(8) (Drug Quantity Table).

(Doc. 45 at 5-6). Clearly, Young has taken the Government's advice, but he has also moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) on the basis of a retroactive amendment to the crack cocaine sentencing guideline. (Doc. 49). Several weeks ago, the Court determined that the retroactive amendment applies to Young's case, and it gave the parties notice of its intent to issue an order reducing Young's sentence from 105 months to 87 months. (Doc. 53). The Government has indicated that it does not object to the proposed reduction (Doc. 54), and so, unless Young files an objection by January 12, 2012, he is due to receive the very relief that he would otherwise seek by amending his habeas petition. Accordingly, Young's proposed amendment is futile, and his Motion for Permission (Doc. 51) is **DENIED as MOOT**.

## V. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A court will issue a [certificate of appealability] 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" Davis v. Terry, 625 F.3d 716, 717 (11th Cir. 2010) (quoting 28 U.S.C. § 2253(c)(2)). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). None of the claims raised in petitioner's § 2255 meet this threshold. Accordingly, the certificate of appealability is **DENIED**.

**DONE** and **ORDERED** this the **5th** day of **January 2012**.

                                          /s/ Kristi K. DuBose
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**